UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECTION 23 PROPERTY OWNER'S ASSOCIATION, INC., a Florida corporation

    Plaintiff,

v.                                     Case No: 2:15-cv-261-FtM-38CM

JANE B. ROBINSON, ALBERT M. ROBINSON and LISA SPADER PORTER,

    Defendants.
_____/

**ORDER[1]**

This matter comes before the Court on the April 28, 2015 Order to Show Cause. (Doc. #8). In the Order, the Court directed Defendant Albert M. Robinson to show cause as to how he is entitled to remove this action and why this case should not be remanded for failure to establish subject matter jurisdiction based on the presence of diversity or federal question jurisdiction at the time of removal. (Doc. #8 at 4). Defendant Albert M. Robinson failed to file a response, and the time to do so has now expired. The matter is ripe for review.

The determination of whether a defendant properly removed a state court action to federal court entails both jurisdictional and procedural considerations. *Lowery v.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

*Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). Jurisdictionally, removal is governed by Title 28 U.S.C. § 1441(a), which provides that a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question. Procedurally, removal is governed by Title 28 U.S.C. § 1446, which sets out strict deadlines and consent requirements for proper removal. Courts must construe these removal statutes narrowly, resolving any uncertainties in favor of remand. *Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001).

With regard to the § 1441 jurisdictional requirements, the Court finds that removal was improper. Because Defendant Albert M. Robinson removed this action based on both federal question and diversity jurisdiction (Doc. #1), the Court will address both in turn.

A federal question arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, in determining whether federal question jurisdiction exists, courts focus solely on the four corners of the state action complaint. *Id.* A review of Plaintiff's Complaint reveals only two counts for foreclosure (Count 1) and damages (Count 2), asserted under Florida state

law.  (Doc. #2).  The Complaint does not set forth any counts or claims pursuant to the Constitution, laws, or treaties of the United States as required by 28 U.S.C. § 1331.  (Doc. #2).  And federal question jurisdiction cannot be created through defensive pleading.  *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002).  Consequently, Defendant Albert M. Robinson has failed to prove federal question jurisdiction exists by a preponderance of the evidence.

Diversity jurisdiction requires complete diversity of citizenship and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  Thus, in order to have diversity jurisdiction of this case, Plaintiff Section 23 Property Owner's Association, Inc., must be diverse from Defendants Jane B. Robinson and Albert M. Robinson.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("Since *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435, this Court has read the statutory formulation 'between . . . citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants.").  Having reviewed the Complaint, the Notice of Removal, and the accompanying exhibits, the Court finds that complete diversity of the Parties has not been established in this matter.  Specifically, it appears that both Plaintiff Section 23 Property Owner's Association, Inc., and Defendant Albert M. Robinson are domiciled in Florida.  With this being the case, Defendant Albert M. Robinson has failed to prove diversity jurisdiction exists by a preponderance of the evidence.

Notwithstanding the jurisdictional analysis above, the Court also finds that Defendant Albert M. Robinson failed to comply with the § 1446 procedural requirements.

First, in order to remove an action to federal court, all defendants must consent to the removal. 28 U.S.C. § 1446(b)(2)(A). A review of the Notice of Removal illustrates that Defendant Albert M. Robinson failed to receive the consent of all other Defendants before filing the Notice. (Doc. #1). This failure, in and of itself, is a sufficient basis to remand this action. Second, removal is timely, at the latest, thirty days after the last defendant receives of a copy of the paper from which the defendant is first able to ascertain that the case is removable. § 1446(b)(1)-(3). Here, assuming the jurisdictional defects were not present (which they are), the attachments to the Notice of Removal reveal that this action has been ongoing in Florida state court since, at least, September 16, 2014. (Doc. #1-2). Clearly, Defendant Albert M. Robinson exceeded the thirty-day deadline.

Based on the foregoing, Defendant Albert M. Robinson failed to satisfy either the jurisdictional or the procedural requirement of removal.[2] Therefore, the Court remands the instant action to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

Accordingly, it is now

**ORDERED:**

1. The Clerk of Court is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk of the Court is further directed to terminate all pending motions and deadlines, and close this case.

---

[2] The Court would also like to note that even if there were no jurisdictional or procedural requirement errors (which there are), there has been no basis presented that establishes Defendant Albert M. Robinson is even a party that is entitled to remove this action.

**DONE** and **ORDERED** in Fort Myers, Florida, this 12th day of May, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record