UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECTION 23 PROPERTY OWNER'S ASSOCIATION, INC., a Florida corporation

        Plaintiff,

v.                                                                                          Case No: 2:15-cv-261-FtM-38CM

JANE B. ROBINSON, ALBERT M. ROBINSON and LISA SPADER PORTER,

        Defendants.
_____/

**ORDER[1]**

    This matter comes before the Court on an Order to Show Cause entered on June 25, 2015. (Doc. #5). In the Order, the Court required Defendants to show cause as to how the Court retains jurisdiction over this matter after it was removed from Florida state court. (Doc. #5). On July 2, 2015, Defendant Albert M. Robinson filed a Response, averring that the Court retained subject matter jurisdiction over this action on the basis of federal question jurisdiction. (Doc. #7). But the Court disagrees.

    As the Court previously noted, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted). A review of the operative Complaint, however, reveals there is no claim brought pursuant to federal law. (Doc. #2). Consequently, the Court fails to retain subject matter jurisdiction over this action.

Defendant Albert M. Robinson attempted to change this fact by filing a counterclaim in this action, which asserted claims brought pursuant to federal law. But this does not help the Court retain jurisdiction. That is because "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal question] jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (internal quotations and citations omitted). If Defendant Albert M. Robinson wishes to bring his counterclaims in federal court, he must explore whether he can do so as a separate, independent action, not on removal of a state court action with no federal claims.

Based on the foregoing, the Court fails to retain subject matter jurisdiction over this action on the basis of federal question jurisdiction. Therefore, the Court remands the instant action to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

Accordingly, it is now

**ORDERED:**

1. The Clerk of Court is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk of the Court is further directed to terminate all pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this 8th day of July, 2015.

                                                   SHERI POLSTER CHAPPELL
                                                   UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record